IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHERRHONDA L. WILLIAMS, | : | CIVIL ACTION |
| v. | : | |
| COMMISSIONER CARL DANBERG, et al., | : | NO. 1:11-cv-00262-LDD |

Legrome D. Davis, J.                                              July 6, 2011

MEMORANDUM

I.   PROCEDURAL BACKGROUND AND FACTUAL ALLEGATIONS

Plaintiff Sherrhonda L. Williams ("Plaintiff"), an inmate at the Delores J. Baylor Women's Correctional Institution ("BWCI"), New Castle, Delaware, who proceeds pro se and has been granted leave to proceed in forma pauperis, filed this Complaint on March 29, 2011, pursuant to 42 U.S.C. § 1983.[1] Plaintiff alleges improper medical treatment and a "wrongful" operation in 2006 by Defendant Dr. Donnahue ("Dr. Donnahue"). At the time, Dr. Donnahue was employed by Correctional Medical Services ("CMS"). She further alleges that, for three days in 2010, she was wrongfully treated CMS and Correct Care Services ("CCS") medical personnel when she did not receive her prescribed medication or contact solution. Plaintiff alleges that as of 2011 there are ongoing problems and she is not receiving prescribed medications and her numerous medical issues are not being addressed by the medical staff, employed by CCS. (D.I. 3.)

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

II. LEGAL STANDARD

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R.

2

Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend her Complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, –U.S.–, 129 S.Ct. 1937 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for relief."[2] Id. at 211. In other words, the Complaint must do more than allege Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility

---

[2] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

3

of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Iqbal,129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

III. DISCUSSION

A. Statute of Limitations

Initially, the Court notes that the claim against Dr. Donnahue is time-barred. The acts of which Plaintiff complains occurred in 2006, yet the Complaint was not filed until 2011. "Limitations periods in 1983 suits are to be determined by reference to the appropriate 'state statute of limitations and the coordinate tolling rules.'" Hardin v. Straub, 490 U.S. 536, 541 (1989) (citing Board of Regents, University of New York v. Tomanio, 446 U.S. 478, 484 (1980)). However, accrual of such claims are governed by federal law. See Albright v. Oliver, 510 U.S. 266, 280 n. 6 (1994) (Ginsburg, J. concurring). The relevant state statute of limitations for a personal injury action in Delaware is two years, See Del. Code Ann. tit. 10 § 8119; Carr v. Dewey Beach, 730 F.Supp. 591 (D. Del.1990), and the Complaint was filed long after the two year time period.

B. Medical Needs

Liberally construing the Complaint, as the Court must, Plaintiff alleges that Defendants were deliberately indifferent to her serious medical needs.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. Estelle v. Gamble, 429 U.S. at 104; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir.

4

1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." Estelle v. Gamble, 429 U.S. at 104-05.

However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. Harrison v. Barkley, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. Estelle v. Gamble, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); see also Daniels v. Williams, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Even when reading the complaint in the most favorable light to Plaintiff, she fails to state an actionable constitutional claim against Defendants for deliberate indifference to a serious medical need. Plaintiff fails to provide sufficient dates, does not identify individuals who allegedly denied her treatment, and does not give specifics of her medical conditions and the type of treatment denied. As the Complaint now stands, the allegations do not allow a defendant to adequately respond to the claims. Therefore, the Court will dismiss the Complaint for failure

to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). However, since it appears plausible that Plaintiff may be able to articulate a claim against Defendants (or name alternative defendants), she will be given an opportunity to amend her pleading. See O'Dell v. United States Gov't;, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where Plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

IV. CONCLUSION

Accordingly, the 2006 claims are dismissed as time-barred and the remaining claims are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to amend.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| SHERRHONDA L. WILLIAMS, | : | CIVIL ACTION |
|---|---|---|
| v. | : | |
| COMMISSIONER CARL DANBERG, et al., | : | NO. 1:11-cv-00262-LDD |

## ORDER

AND NOW, this     day of July, 2011, the Court having reviewed the Complaint, it is hereby ORDERED that:

1. All 2006 claims are DISMISSED as time-barred.

2. The remaining claims are DISMISSED for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

2. Plaintiff is given leave to amend the Complaint as set forth in the body of the Memorandum issued this date. The amended complaint shall be filed within <u>thirty (30) days</u> from the date of this Order. If an amended complaint is not filed within the time allowed, then the case will be CLOSED.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.