IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SHERRHONDA L. WILLIAMS,            )
                                    )
            Plaintiff,              )
                                    )
    v.                              ) Civ. No. 11-262-SLR
                                    )
COMMISSIONER CARL DANBERG,         )
et al.,                            )
                                    )
            Defendants.             )

## MEMORANDUM ORDER

At Wilmington this 6th day of January, 2012, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that: (1) the amended complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background.** Plaintiff Sherrhonda L. Williams ("plaintiff"), an inmate at the Delores J. Baylor Women's Correctional Institution ("BWCI"), New Castle, Delaware, who proceeds pro se and has been granted leave to proceed in forma pauperis, filed a complaint on March 29, 2011, pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) The court screened the complaint and dismissed certain claims as time-barred and the remaining claims for failure to state a claim upon which relief may be granted. (*See* D.I. 7) Plaintiff was given leave to file an amended complaint to cure pleading deficiencies.

2. The original complaint alleged: (1) improper medical treatment and a "wrongful" operation in 2006; (2) wrongful treatment during three days in 2010 by CMS

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

and Correct Care Services ("CCS") when the medical personnel did not provide

prescribed medication or contact solution; and (3) since 2011 ongoing problems in not

receiving prescribed medications and the failure by CCS medical staff to address

numerous medical issues.  (D.I. 3)  Plaintiff filed an amended complaint on October 4,

2011.  (D.I. 13)

      3. **Standard of review**.  This court must dismiss, at the earliest practicable time,

certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state

a claim, or seek monetary relief from a defendant who is immune from such relief.  *See*

28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which

prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner

actions brought with respect to prison conditions).  The court must accept all factual

allegations in a complaint as true and take them in the light most favorable to a pro se

plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v.*

*Pardus*, 551 U.S. 89, 93 (2007).  Because plaintiff proceeds pro se, her pleading is

liberally construed and her complaint, "however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551

U.S. at 94 (citations omitted).

      4. An action is frivolous if it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i) and

§ 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an

indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional"

factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir.

1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

5. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to amend her complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

6. A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff

has a "plausible claim for relief."[2] *Id.* at 211.  In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts.  *Id.*  "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief."  *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

7.  **Discussion**.  The amended complaint names twenty-there defendants, none of whom have allegations directed towards them.  The amended complaint alleges that when plaintiff entered the BWCI on February 18, 2011, she was taken off all her medications without appropriate research, she is charged for medical appointments, most of her medical issues are not being resolved, at times the medical staff is unprofessional, only two of her chronic medical issues are being addressed, and she is being given medication that is "unproductive."  (D.I. 13)

8.  **Medical needs**.  The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976).  In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need.  *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).  A prison

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*

4

official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

9. "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (not published) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams,* 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

10. Prison administrators cannot be deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993). "If a prisoner is under the care of medical experts . . . a non-medical prison official will

5

generally be justified in believing that the prisoner is in capable hands." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (discussing *Durmer*, 991 F.2d at 69). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Id.* at 236.

11. The court dismissed the original complaint finding that even when reading the complaint in the most favorable light to plaintiff, it failed to state an actionable constitutional claim against defendants for deliberate indifference to a serious medical need. More particularly, the court noted that plaintiff failed to provide sufficient dates, did not identify individuals who allegedly denied her treatment, and did not give specifics of her medical conditions and the type of treatment denied. Plaintiff was given leave to amend to cure the pleading deficiencies yet the amended complaint fails to provide sufficient facts to apprise defendants of their alleged acts and does not meet the pleading requirements of *Iqbal* and *Twombly*. Moreover, it seems that certain individuals are named as defendants based upon their supervisory positions. Once again, even when construing the amending complaint in the most favorable light to plaintiff, she fails to state an actionable constitutional claim against defendants for deliberate indifference to a serious medical need.

12. Plaintiff was given an opportunity to correct her pleading deficiencies, yet she failed to do so. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (The court may curtail or deny a request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of

6

amendment.")  The conclusory allegations do not support an entitlement to a claim for relief, and the amended complaint does not meet the pleading requirements of *Twombly* and *Iqbal.*  Therefore, the amended complaint is dismissed as frivolous to pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

13. **Conclusion.**  For the above reasons, the amended complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).  Amendment would be futile.  The clerk of court is directed to close the case.

UNITED STATES DISTRICT JUDGE

7